PER CURIAM.
Appellant, State of Florida, appeals an order dismissing a criminal information against appellees, defendants below, on the basis of prosecutorial and police misconduct. While we can understand the trial court’s frustration with the state’s conduct, we are compelled to conclude that dismissal of the information was an abuse of discretion and, therefore, to reverse. A summary of the relevant events, culminating in the trial court’s order dismissing the information, follows.
On July 12, 1985, defendants were charged by information with trafficking and conspiring to traffic in marijuana. Defendants timely demanded discovery. Among other things, the discovery demand asked whether the state had any material or information which had been provided by a confidential informant. On August 23, 1985, the state responded that no material or information had been provided by a confidential informant.
On October 1, 1985, pursuant to a subpoena, defendants deposed Officer Kridos, one of the police officers who had been involved in the investigation. Officer Kri-dos refused to answer any questions regarding either the existence of or the role played by any confidential informant in the investigation. On November 4, 1985, defendants filed a motion requesting the trial court to compel Officer Kridos to answer such questions. That motion was heard and denied on November 13, 1985, by a retired county judge sitting temporarily in place of the circuit judge to whom the case was assigned. On November 26, 1985, defendants moved for a rehearing.
On July 8, 1986, the circuit judge to whom the case was assigned heard the defendants’ motion for rehearing. During the hearing, the assistant state attorney then assigned to the case stated that a confidential informant had been involved in the investigation. The trial court orally reversed the prior order, stating that defendants were entitled to pursue certain lines of inquiry with Officer Kridos regarding the role of the confidential informant. It was understood that Officer Kridos’ deposition would be reset. Defense counsel offered to prepare a proposed order, and the trial court suggested generally what it should contain. However, no written order was ever entered.
Officer Kridos was subpoenaed to appear for his deposition on September 22, 1986. However, defense counsel allowed Officer Kridos to cancel that deposition, and a new subpoena was issued for October 8, 1986. Officer Kridos appeared and was deposed on that date. He again refused to answer any questions regarding the confidential informant. Nobody from the state attorney’s office appeared at the deposition.
On October 14, 1986, defendants filed a motion requesting that Officer Kridos and Officer Tiderington (the other police officer who had participated in the investigation) be prohibited from testifying at trial. The trial court heard the motion on October 22. At the hearing, a new assistant state attorney who had assumed responsibility for the case represented that Officer Kridos had telephoned him before the deposition and said that he would not answer questions regarding the confidential informant without a written order directing him to do so. According to the assistant state attorney, he knew at that time that a hearing had been held on July 8, but he was not aware of what the trial court’s ruling had been. Therefore, he advised Officer Kridos that the position he intended to take was appropriate. The trial court found no bad faith *1093 on the part of the state and, therefore, denied the motion. However, it directed the assistant state attorney to reschedule the officers’ depositions at defense counsel’s convenience.
The officers’ depositions had not been rescheduled by December 4,1986, when the trial court held a status hearing. The trial court again directed the state to make the officers available for their depositions.
Defense counsel and the assistant state attorney communicated, and agreed that the officers’ depositions would be taken on January 15, 1987. Accordingly, on December 22, 1986, defense counsel wrote both officers, advising them that their depositions would be taken on January 15. A subpoena was not issued to compel the attendance of either officer.
On January 14, Officer Kridos telephoned defense counsel and said that he would not appear for his deposition without a subpoena. Officer Kridos did not appear on January 15, although Officer Tidering-ton and the assistant state attorney did. Officer Tiderington testified that a confidential informant had been involved in the investigation, but that only Officer Kridos knew the particulars of the involvement. The assistant state attorney telephoned Officer Kridos and urged him to come so that he could be deposed. However, Officer Kridos refused, saying that, without a subpoena, he had no obligation to do so.
Another status hearing was held on February 26, 1987. At that hearing, the trial court initially directed the assistant state attorney to have both officers present for their depositions at 9:00 a.m. on the following Monday, March 2. However, the following discussion then occurred between counsel:
[Defense Counsel]: ... Your Honor, may I suggest this. Mr. [Assistant State Attorney], may I suggest that instead of making it nine o’clock, so that—and I appreciate the court’s ardor in protecting an already bad situation—may I suggest that we make it say eleven o’clock in your office, so that you will be able to handle your trial schedule.
[Assistant State Attorney]: I may not be in my office at eleven o’clock. I will have them there. Sometimes I’m still down here at eleven o’clock. One o’clock my office?
[Defense Counsel]: One o’clock at your office.
Despite the foregoing conversation, defendants now assert that the agreement reached was that the officers would be present for their depositions at 11:00 a.m. on March 2. They represent in their brief that defense counsel and the assistant state attorney were present in the latter’s office at 11:00 a.m., but that Officer Kridos was not.[1] On March 13, 1987, defendants moved to dismiss the information because of prosecutorial or police misconduct.
The trial court held a hearing on the motion to dismiss on April 9, 1987. Defense counsel told the trial court that the state had been ordered to produce Officer Kridos for his deposition at 9:00 a.m. on March 2. When the assistant state attorney (the third in the case) responded that it had been agreed that the deposition would be at 1:00 p.m., and that Officer Kridos had been available for deposition at that time, the trial court responded that its recollection was that the agreement was that the deposition would take place at 11:00 a.m. The assistant state attorney then informed the trial court that Officer Kridos was present and available to be deposed; and that dismissal was not warranted under the circumstances. Nevertheless, the trial court announced that the motion to dismiss would be granted, and requested defense counsel to prepare a proposed order.
On July 14, 1987, the trial court signed a lengthy Order Granting Motion to Dismiss for Prosecutorial and Police Misconduct. Although that Order makes numerous findings, the one which is critical in our opinion is that which states that, on March 2, 1987, the trial court “ordered and demanded that Detective Kridos appear for depositions the next day, March 3, 1987, at 11:00 a.m. *1094 Detective Kridos did not appear as ordered.” While the Order refers to a number of the events which preceded to support the decision reached, there can be no question but that this finding was the principal perceived transgression upon which the trial court relied. It was “the final straw,” so to speak. However, our review of the record leaves us convinced that this critical finding was clearly erroneous.
The transcript of the February 26, 1987 status hearing reflects that, initially, the trial court ordered the state to produce both officers for their depositions at 9:00 a.m. on Monday, March 2. (There is nothing in the record to suggest that a hearing was held or an order entered on March 2 directing Officer Kridos to appear for his deposition on March 3, as the trial court found.) However, in our opinion, the transcript of that hearing also clearly reflects that counsel for defendants and the state agreed that the depositions would take place at 1:00 p.m. on March 2 instead. (We find no support in the record for the trial court’s finding and defendants’ argument that the parties agreed to begin the depositions at 11:00 a.m.)
The state represented to the trial court that Officer Kridos was prepared to be deposed at 1:00 p.m. on March 2. There is nothing in the record to suggest that this was not the case, or why the deposition did not take place at that time. Thus, there is nothing in the record to establish that the trial court’s oral directions delivered at the February 26, 1987 hearing were not followed.
By reversing the trial court’s order dismissing the information, we do not mean to imply that we condone what has occurred to date. On the contrary, we share the trial court’s frustration over the amount of “gamesmanship” reflected by the record. Nevertheless, we are compelled to reverse because the record does not reflect a violation of the trial court’s February 26, 1987 oral order regarding discovery. In the absence of proof of such a violation, it was an abuse of discretion to dismiss the information.
The matter is reversed and remanded to the trial court, with directions that it reinstate the information.
REVERSED and REMANDED, with directions.
GUNTHER and STONE, JJ., and WEBSTER, PETER D., Associate Judge, concur.

. On March 2, 1987, the state finally amended its response to defendants’ July 1985 discovery demand, stating that material or information had been provided by a confidential informant.